Teodoro **SUSANO–GARCIA**, Petitioner,

v.

Eric H. **HOLDER**, Jr., Attorney General, Respondent.

No. 08–70547.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 10, 2010.

Teodoro Susano–Garcia, Santa Ana, CA, pro se.

Aviva Poczter, Senior Litigation Counsel, Mary Lee Quinn, Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Teodoro Susano–Garcia, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have juris-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

diction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Susano–Garcia's motion to reopen as time- and number-barred because it was his second motion to reopen and it was filed over two years after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(A)-(C) (motion to reopen normally limited to one, and must be filed within 90 days of final administrative order of removal), and Susano–Garcia did not show he was entitled to equitable tolling, *see Iturribarria*, 321 F.3d at 897 (due diligence required for equitable tolling).

Susano–Garcia's contention that the BIA did not sufficiently address his hardship evidence fails because the BIA's time- and number-bar determination was dispositive. *See* 8 U.S.C. § 1229a(c)(7).

We lack jurisdiction to review the BIA's sua sponte determination. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.